# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**FOREST C. HAMMOND-MARTIN, SR.**                               **CIVIL ACTION**

**VERSUS**                                                                                **NO. 18-1100-SDD-SDJ**

**STATE OF LOUISIANA**

---

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 8, 2020.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**FOREST C.**  **CIVIL ACTION**
**HAMMOND-MARTIN, SR.**

**VERSUS**  **NO. 18-1100-SDD-SDJ**

**STATE OF LOUISIANA**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Forest C. Hamond-Martin, Sr. (Plaintiff), initiated this cause of action on December 21, 2018. Plaintiff, who is proceeding pro se, then filed a Motion to Proceed In Forma Paurperis (R. Doc. 2). In connection with that Motion, a *Spears* hearing was conducted on March 12, 2019, during which the Court questioned the timeliness of Plaintiff's cause of action. (R. Doc. 8 at 2) ("When questioned regarding the timeliness of his claims, Plaintiff stated that he has been diagnosed with [PTSD]" and "requested that he be allowed to submit evidence regarding the PTSD diagnosis."). At Plaintiff's request, the Court allowed him to submit mental health records under seal to establish "he was unable to act on his own behalf to due to his PTSD," which prevented him from timely filing his claim. (R. Doc. 8 at 2).

Plaintiff then filed certain mental health records under seal throughout the following year. Meanwhile, one-third of all cases pending in this Middle District of Louisiana were transferred to me, following my appointment to bench in February of 2020. *See* General Order No. 2020-03. Plaintiff's was one of the cases randomly selected. (R. Doc. 14).

But on August 11, 2020, Plaintiff filed a request that his cause of action be dismissed.[1] (R. Doc. 15) (formatted as a letter but intended as a 'Motion to Dismiss'). The Court has fully reviewed this filing, in which Plaintiff makes clear:

> By this letter, consider a motion to this Court for the dismissal of this case.
>
> The Supreme Being, Yahweh, Elohim of the Universe, the Hebrews, and of the Spirits of all flesh, had the occasion of telling me personally that, '***You can be right and they'll still rule against you.***'
>
> After this 47-year litigation war, and now with greater clarity, I understand Him and that's why I'm dismissing my case. . . . I no longer desire or need the Civil Rights I've petitioned you Courts for the restorations.

(R. Doc. 15 at 4).

Rule 41(a)(1)(A)(i) allows any plaintiff to voluntarily dismiss their claim at any time before "the opposing party serves an answer or a motion for summary judgment." Given Plaintiff's representations, and because his opponent has not yet filed an "answer or a motion for summary judgment," the Court **recommends** that Plaintiff's filing be interpreted as a Notice of Voluntary Dismissal (R. Doc. 15) of his cause of action. *See* Fed. R. Civ. P. 41(a)(1)(A)(i) (voluntary dismissal by plaintiff prior to answer); Fed. R. Civ. P. 41(a)(1)(B) (voluntary dismissal is without prejudice). In effect, Plaintiff's cause of action should be deemed dismissed without prejudice and closed. *Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 661 (5th Cir. 1979) ("Rule 41(a)(1) grants a plaintiff the right to dismiss an action at an early stage of the proceedings voluntarily, without prejudice, and without consent of the court.").

Alternatively, the Court **recommends** that the filing be treated as a Motion to Dismiss (R. Doc. 15) voluntarily pursuant to Rule 41(a)(2) and that the Court issue an Order of Dismissal without prejudice. *See* Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action

---

[1] While Plaintiff's Motion also addresses the sealed nature of his medical records and the transfer of his case in February of 2020, the Court does not address these matters, given his request for voluntary dismissal.

may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.").

    Signed in Baton Rouge, Louisiana, on December 8, 2020.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**